NOT FOR PUBLICATION [4]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                               :
ANTHONY Z. EMMANOUIL, EUGENIA :
EMMANOUIL, WEST BELT AUTO          :   Civil Action No. 06-1068 (FLW)
SUPPLY, INC., AND ZACHARY A.          :
EMMANOUIL, ESQ.,                              :
                                               :        OPINION
        Plaintiffs,                            :
   v.                                          :
                                               :
VINCENT VICTOR ROGGIO, CALLIE :
LASCH ROGGIO, NOVED REAL          :
ESTATE CORP., GIBRALTAR STONE :
CORPORATION, AND GIBRALTAR     :
GRANITE & MARBLE, CORP.,             :
                                               :
        Defendants.                            :
_____:

**WOLFSON, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon Defendants Vincent Victor Roggio, Callie Lasch Roggio, Noved Real Estate Corp., Gibraltar Stone Corporation, and Gibraltar Granite & Marble, Corp.'s ("Defendants") motion to strike Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil, West Belt Auto Supply, Inc., and Zachary A. Emmanouil, Esq.'s[1] ("Plaintiffs") Complaint.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  The Court,

---

[1]Plaintiff Zachary A. Emmanouil, Esq.'s claims were dismissed without prejudice on October 10, 2006 pursuant to the Notice of Voluntary Dismissal Without Prejudice filed by Michael R. Bakst, Chapter 7 Trustee in Bankruptcy for Zachary A. Emmanouil in United States Bankruptcy Court for the Southern District of Florida.

having considered the parties' submissions, and for the reasons set forth below, will grant Defendants' motion to strike Plaintiffs' Complaint.

**I.     BACKGROUND**

On March 7, 2006, Plaintiffs filed a twenty-two count complaint against Defendants, alleging fraud, conversion, breach of contract, replevin, and unjust enrichment.  See Civil Docket, Docket Entry #1.  Plaintiffs were represented by Mitchell L. Pascual, Esq., ("Mr. Pascual") of the law firm Scarinci and Hollenbeck, LLC ("Scarinci and Hollenbeck").  On April 25, 2006, Defendants filed a motion to (1) strike Plaintiffs' Complaint, or in the alternative, to require Plaintiffs to formulate a more definite statement of facts, (2) disqualify Plaintiffs' counsel, (3) dismiss certain of Plaintiffs' claims for failure to state a claim, and (4) strike Plaintiffs' statement of damages.  Id. at #4.  On May 30, 2006, the Honorable John J. Hughes, U.S.M.J., ordered that the Complaint be sealed pending the Court's determination of the motion to strike. Id. at #9.

On August 24, 2006, the Honorable Tonianne J. Bongiovanni, U.S.M.J., granted in part and denied in part Defendants' motion to disqualify Plaintiffs' counsel.  Id. at #18.  Judge Bongiovanni ordered that Mr. Pascual and Scarinci and Hollenbeck were disqualified from representing Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil, and West Belt Auto Supply, Inc., but denied Defendants' motion to disqualify Mr. Pascual and Scarinci and Hollenbeck from representing Plaintiff Zachary A. Emmanouil, Esq.  Id.  Judge Bongiovanni further ordered that Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil, and West Belt Auto Supply, Inc. had until September 22, 2006 to retain new counsel.  Id.  On September 21, 2006, Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil, and West Belt Auto Supply,

Inc. requested additional time to retain new counsel. On September 26, 2006, the Court granted Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil, and West Belt Auto Supply, Inc.'s letter request for an extension of time to retain new counsel. Id. Plaintiffs have until October 16, 2006 to retain new counsel. Id.

**II.   DISCUSSION**

Defendants allege that the Complaint must be stricken pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)") states, in pertinent part, that "the court may order stricken from any pleading... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." River Road Dev. Corp. v. Carlson Corp., 1990 WL 69085 at *2 (E.D. Pa.1990).

Defendants argue that the Complaint should be stricken under Rule 12(f) because it contains irrelevant, scandalous allegations and the unauthorized disclosure of confidential communications between Defendant Vincent Roggio and his former attorney, Plaintiff Zachary Emmanouil, Esq. In the alternative, Defendants contend that Plaintiffs should be required to formulate a more definite statement of their claims pursuant to Fed. R. Civ. P. 12(e).

Judge Bongiovanni found that there was an attorney-client relationship between Plaintiff Zachary Emmanouil, Esq. and Defendant Vincent Roggio, and that confidential information obtained by Plaintiff Zachary Emmanouil could have been disclosed to Plaintiffs' attorney Mr. Pascual and the law firm of Scarinci and Hollenbeck. See Opinion at 12-13. Defendants have also recently written to this Court requesting an immediate decision on their motion to strike "because the pendency of the Complaint, which Judge Bongiovanni has now recognized was

prepared by plaintiffs' prior counsel with the benefit of improperly obtained privileged communications, is significantly disrupting defendants' business relationships."[2]  See Letter from Donald E. Taylor to the Honorable Freda L. Wolfson (September 27, 2006).  Because of Judge Bongiovanni's finding that confidential information may have been disclosed to the attorney who prepared Plaintiffs' Complaint, the Court orders Plaintiffs' Complaint stricken in its entirety.  Since the Complaint is ordered stricken based on the possibility of disclosure of confidential information, the Court need not reach a finding on whether Plaintiffs' Complaint does in fact contain scandalous allegations and/or privileged information.

### III.    CONCLUSION

For the reasons set forth above, the Court strikes Plaintiffs' Complaint in its entirety.  Plaintiffs are given leave to file an Amended Complaint within twenty days of the date of retaining counsel, but no later than November 8, 2006.

/s/ Freda L. Wolfson

The Honorable Freda L. Wolfson
United States District Judge

Date:   October 11, 2006

---

[2] The Court does not find that the pendency of the Complaint is significantly disrupting Defendants' business relationships since the Complaint has remained sealed by order of Judge Hughes.