UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY Z. EMMANOUIL, et al., | : | Civil Action No. 06-1068 (FLW) |
| | : | Consolidated Actions |
| Plaintiffs, | : | |
| | : | OPINION |
| v. | : | |
| | : | |
| VINCENT VICTOR ROGGIO, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

This matter comes before the Court through motions by Defendant, Vincent Roggio ("Defendant") for an Order Sealing certain documents pursuant to L.Civ.R. 5.3, and for leave to Amend his Complaint [Docket Entry Nos. 54 and 55]. On January 26, 2007, Defendant filed a Brief in Support of his Motion to Seal ("Sealing Brief") and Brief in Support of his Motion to Amend ("Moving Brief"). Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil and West Belt Auto Supply, Inc., ("Plaintiffs") did not respond to Defendant's Motion to Seal, however on February 6, 2007, they filed a Brief in Opposition to Defendant's Motion to Amend [Docket Entry No. 57]("Opposition Brief"). Plaintiff filed a reply brief on February 13, 2007 [Docket Entry No. 61]("Reply Brief"). The Court has reviewed these motions on the papers pursuant to Fed. R. Civ. P. 78. After considering the submissions and arguments of the parties, and for good cause shown, Defendant's Motion to Seal is GRANTED and Defendant's Motion for leave to Amend the Complaint is DENIED WITHOUT PREJUDICE.

**I. Background**

The parties are familiar with the extensive factual background of this matter and it shall not be repeated here at length. This consolidated action is based on a series of transactions between

Plaintiffs and Defendant. Defendant asserts that a recent internet posting of allegations "make clear that certain of the parties to this litigation are waging a deliberate campaign to destroy [Defendant]." Moving Brief at 1. Defendant seeks to amend his Complaint to assert claims related to the website against John Doe defendants, and for expedited discovery. In support of his motion Defendant has included information which he argues is sensitive and should be sealed pursuant to L.Civ.R. 5.3. Plaintiffs argue that Defendants Motion to Amend must fail because it seeks to add claims "completely unrelated" to the claims of Defendant's Amended Complaint. Opposition Brief at 1. Plaintiffs have also "averred that they are not responsible for the website or the information contained thereon." Id.

## II. Analysis

### A. Motion to Seal

The Third Circuit recognizes "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). There is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). The public's right of access is "not absolute" and must be weighed against the litigants interest in secrecy. Id. at 165. The analysis outlined by the Third Circuit has been codified in this District as L.Civ.R. 5.3.

Local Civil Rule 5.3 was adopted to govern all requests by a party to seal or otherwise restrict public access to materials filed with or used by the Court, and judicial proceedings themselves. See Lite, N.J. Federal Practice Rules, Comment 1 to L.Civ.R. 5.3 (Gann 2007)(emphasis added). In fact, prior to restricting access, a court must determine the nature of the materials at issue, the legitimate

private or public interest which warrants sealing, the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available.  L.Civ.R. 5.3(c).  See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).

Defendant asserts that the information that should be sealed consists primarily of a "compilation of government records purporting to be [Defendant's] criminal history report." Sealing Brief at 8 (internal quotations omitted).  Defendant further argues that the Court "has already recognized the legitimate privacy interest that [Defendant] has in such information." Id. at 8 (citing May 30, 2006 Order to Seal by the Honorable John J. Hughes, U.S.M.J. [Docket Entry No. 9]). Defendant also asserts that he has a legitimate personal privacy interest which warrants sealing, to wit, to keep expunged criminal charges confidential.  Id. at 9.  Defendant alleges that public dissemination of his moving papers will cause unnecessary embarrassment and harm to his professional and personal reputation.  Id. at 9.  Finally, Defendant asserts that there is no less restrictive alternative sought, as the information contained in his brief is the very information his proposed amendment to the complaint seeks to keep private.  Id. at 10.

As a preliminary note, the Court finds that Defendant has adequately described the nature of materials which he seeks to seal, in compliance with L.Civ.R. 5.3(c)(2)(a).  However, an issue arises with Defendant's assertion that there is a legitimate private interest which warrants the relief sought. See L.Civ.R. 5.3(c)(2)(b).

Local Civil Rule 5.3 contains the rebuttable presumption that all documents filed with the Court should be accessible to the public. L.Civ.R. 5.3(a)(4).  Moreover, "New Jersey specifically guarantees public access to all court records, including criminal records." C.P.M. v. D'Ilio, 916 F. Supp. 415, 418 (D.N.J. 1996)(citing Doe v. Poritz, 142 N.J. 1, 80 (1995)).  Defendant argues that

3

"an individual's privacy interest is at its "apex" when, as here, the information threatened to be disclosed is a compilation of government records." Sealing Brief at 9 (citing United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780 (1989)). However, Defendant's reliance on Reporters Comm. is misplaced. That case specifically discusses accessibility of the public to "rap sheets" or compiled government records of private citizens that are "in the Government's control as a compilation, rather than as a record of what the Government is up to." Reporters Comm., 489 U.S. at 780 (emphasis added)(internal quotations omitted). In the instant matter the compilation of records in Defendant's brief was created by Defendant himself, or at the very least an unknown individual or entity, and not the Government. In fact, much of the information Defendant seeks to seal is already part of the public record. See Id. at 753 ("...much rap-sheet information is public record ... Arrests, indictments, convictions and sentences are public events that are usually documented in court records"); See also E.B. v. Verniero, 119 F.3d 1077, 1100 (3d Cir. 1997).

Defendant also asserts that the Court's May 20, 2006 Order provides more support for his claim that there is a legitimate private interest which warrants the relief sought. Moving Brief at 8. The Court understands that a prior order was entered and takes guidance from this decision, however the entry of a prior order sealing information is not wholly dispositive of instant motion. Moreover, the Court's May 20, 2006 Order was more global in its prose, allowing the protection of confidential information in the Complaint until a decision on Defendant's Motion to Strike the Complaint was rendered. See Docket Entry No. 9. The Court must determine whether the sensitivity of the information meets the high burden of sealing under the conditions of this case as they currently exist, rather than blindly relying on a prior sealing order.

Defendant also asserts that it is against New Jersey law to publicize expunged criminal charges. Sealing Brief at 9. Specifically, N.J. Stat. Ann. § 2C:52-30 states that it is disorderly persons offense to reveal to another information regarding criminal arrests, convictions or other related legal proceedings that have been expunged. Defendant further asserts that some of the charges recited on the website and throughout his moving papers contain matters that have been expunged. Sealing Brief at 9.

The Court agrees with Defendant's assertion that he "plainly has a legitimate privacy interest in ensuring that the allegations contained on the website ... are not placed in the public domain." Sealing Brief at 8. Although the allegations contained on the website are already part of the public domain through various court records and the like, New Jersey through its adoption of N.J.S.A. § 2C:52-30 has clearly shown that it is important for expunged criminal matters to remain confidential. Because Defendant has certified that the website and his papers refer to expunged information, the Court finds that Defendant has adequately shown the legitimate private interest in this regard, which warrants sealing, specifically because it would violate the spirit of New Jersey law if the expunged criminal matters were available to access by the public.

The Court further finds that there are clearly defined or serious injuries that would result if the relief sought is not granted, and there are no less restrictive alternatives to sealing this information from public access. It is clear that because Defendant has a legitimate interest in keeping this information private, any public dissemination could cause unnecessary harm to Defendant's reputation both personally and professionally. See Sealing Brief at 9. Moreover, there is no less restrictive way to maintain Defendant's privacy interest and public access to the information. The Court notes that much of the material Defendant seeks to seal is already part of

the public record, and therefore not properly sealable, however, it is not feasible to separate the available information from the sealable information that harms a legitimate private interest of Defendant. Therefore, Defendant's Motion to Seal pursuant to L.Civ.R. 5.3 is GRANTED.

**B. Motion to Amend**

    **1. Standard**

Leave to amend the pleadings is generally given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). In reviewing a motion to amend, the court looks only at the pleadings. Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc., 106 F. Supp.2d 761, 765 (D.N.J. 2000).

The standard of review for futility requires the court to consider whether the complaint, as amended, would survive a motion to dismiss for failure to state claim. Alvin v. Suzuki, 227 F.3d at 121. Simply stated, futility of amendment requires that the pleading as amended does not state a claim upon which relief can be granted. In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The court must make a determination of "whether the amendment is sufficiently well-grounded in fact or law to demonstrate that it is not a frivolous pursuit." Phillips v. Borough of Keyport, 179 F.R.D. 140, 144 (D.N.J. 1998). However, the "court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied 464 U.S. 937 (1983). To make

this determination, the court should examine whether each claim would survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be granted where, accepting the well-pleaded allegations in the complaint, the plaintiff is not entitled to relief. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Accordingly, the "complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted." Eli Lilly v. Roussel Corp., 23 F.Supp. 2d 460, 475 (D.N.J. 1998)(internal citation omitted). Moreover, the court must view all allegations in the complaint in a light most favorable to the plaintiff. Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989). In other words, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1280, 1384-85 (3d Cir. 1994). Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistent with the plaintiff's allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

**2. Defendant's Proposed Amendments**

Defendant seeks leave to file an Amended Complaint against John Doe defendants asserting claims related to a website that Defendant claims contains illegally obtained and defamatory confidential information. Moving Brief at 1. Plaintiffs oppose Defendant's motion, asserting that Defendant's proposed amendment's violate the rule of permissive joinder and thus, should be denied as futile.

The concept of permissive joinder has been codified in Federal Rule of Civil Procedure 20(a),

which states that a party may be joined in a pending matter "if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact in common to all defendants will arise in the action." Fed.R.Civ.P. 20(a).  Courts have construed Rule 20(a) as establishing at two-part test, both parts of which are required to for joinder to be permitted.  Waterloov Gutter Protection Sys. Co., Inc. v. Absolute Gutter Protection, L.L.C., 64 F. Supp. 2d 398, 407 (D.N.J. 1999). "First, claims brought against defendants to be joined must stem from the same transaction or occurrence, and, second, they must share a common question of law or fact." Id. (citing Morris v. Paul Revere Ins. Group, 986 F. Supp. 872, 885-89 (D.N.J. 1997)). "Permissive joinder rests within the sound discretion of the court, who must determine whether the proposed joinder comports with the principles of fundamental fairness." New Jersey Machine, Inc. v. Alford Indus., Inc., 1991 WL 340196 at * 1 (D.N.J. Oct. 7, 1991)(citing Shaw v. Munford, 526 F.Supp. 1209, 1213 (S.D.N.Y.1981)); Accord Fed.R.Civ.P. 20(b). Moreover, Rule 20 "was designed to promote trial convenience and expedite the final resolution of disputes." Id. (citing Horton Co. v. International Telephone & Telegraph Corp., 85 F.R.D. 369, 371 (W.D.Pa.1980)).

     Defendant does not satisfy the two part test of Fed.R.Civ.P. 20(a), and therefore his Motion to Amend must be denied as futile.  Defendant has not adequately shown that the claims asserted against the proposed John Doe Defendants arise from the same transactions articulated in the underlying action.  The underlying transactions in this matter concern agreements between Plaintiffs and Defendant and whether certain monies were improperly obtained or misappropriated.  Opposition Brief at 8.  However, Defendant's proposed amendments seek injunctive relief and damages based upon the creation of a website by unknown individuals after this matter was filed.

Defendant's argument that Plaintiff's choice "to inject [Defendant's] purported criminal background in this case over and over and over again" provides "a sufficient factual and legal nexus to the claims already at issue in this case" is unsupported. Reply Brief at 3. Moreover, Plaintiffs have served certifications in which they represent that they have nothing to do with the website. Opposition Brief at 8. The Court finds that Defendant has not adequately shown either that his proposed amendments stem from the same transactions nor occurrences as articulated in the underlying matter, nor that they share common questions of law or fact. See Waterloov, 64 F. Supp. 2d at 407. Therefore, Defendant's Motion to Amend is DENIED.

**III. Conclusion**

The Court concludes that Defendant failed to show a legitimate private interest to warrant sealing documents from public access, and the factors required for permissive joinder under Rule 20(a). Therefore, the Court will deny Defendant's Motions to Seal and Amend the Complaint. An appropriate form of Order shall be entered.

      *s/   Tonianne J. Bongiovanni*
    **TONIANNE J. BONGIOVANNI**
    **UNITED STATES MAGISTRATE JUDGE**