UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY Z. EMMANOUIL, et al., | Civil Action No. 06-1068 (FLW) |
| Plaintiffs, | |
| v. | OPINION & ORDER |
| VINCENT VICTOR ROGGIO, et al., | |
| Defendants. | |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon Motion by Defendant Vincent Victor Roggio ("Defendant") for an Order granting attorney's fees and sealing certain judicial proceedings and materials: namely, Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil and West Belt Auto Supply Inc.'s ("West Belt") (collectively "Plaintiffs") brief, along with the Certification of Anthony Z. Emmanouil and exhibits attached thereto, filed in opposition to the appointment of a receiver for West Belt, and the transcript of the hearing held on November 19, 2007 before the Honorable Freda L. Wolfson, U.S.D.J., regarding the possible appointment of a receiver for West Belt. *See* Docket Entry No. 88. Plaintiffs oppose this Motion. *See* Docket Entry No. 89. The Court has fully reviewed and considered Defendant's Motion and all documents submitted in support of and in opposition to same on the papers pursuant to FED. R. CIV. PRO. 78.[1] For the

---

[1]The Court notes that there is a disagreement among the parties as to whether the Court should consider Plaintiffs' January 18, 2008 submission, which Defendant refers to as "an unauthorized sur-reply". (Ltr. from Def. to Judge Bongiovanni of 1/21/08). The Court further notes that on January 18, 2008, Plaintiffs submitted a letter attaching the transcript from the November 19, 2007 hearing held before Judge Wolfson. Defendant did not attach a copy of this transcript to his moving papers, nor did Plaintiffs attach it to their opposition. Plaintiffs did, however, in their opposition specifically state that they had "ordered a transcript of the November 19 hearing and will supplement the record." (Pl. Opp. Br. at 5, n.2.) The transcript is obviously

reasons stated below, Defendant's Motion to Seal Certain Judicial Proceedings and Materials and for Attorney's Fees is DENIED.

**I.     PROCEDURAL HISTORY**

On March 7, 2006, Plaintiffs, through their then counsel Scarinci and Hollenbeck, filed a Complaint against Defendants alleging claims for breach of contract, breach of fiduciary duty, negligence, conversion, fraud and conspiracy to commit fraud, negligent misrepresentation, intentional and negligent infliction of emotional distress and unjust enrichment.  *See* Docket Entry No. 1.  On April 25, 2006, Defendants moved to strike Plaintiffs' Complaint, disqualify Plaintiffs' counsel, dismiss certain of Plaintiffs' claims and strike Plaintiffs' statement of damages.  *See* Docket Entry No. 4.  On May 30, 2006, the Honorable John J. Hughes, U.S.M.J., upon finding that Plaintiffs' Complaint contained "information which is confidential in nature", sealed same pending resolution of Defendants' Motion to Strike Plaintiffs' Complaint.  *See* Docket Entry No. 9.

On August 24, 2006, this Court granted in part Defendants' Motion to Disqualify Plaintiffs' counsel, finding that Plaintiff Zachary Emmanouil, Esq. ("Zachary"), and Defendant had an attorney-client relationship, and that confidential information obtained by Zachary during the pendency of this relationship could have been disclosed to Plaintiffs' then attorney Mr. Pascual of Scarinci and Hollenbeck, who also represented Zachary in the instant matter.  (*See*

---

highly relevant to the determination of this Motion, and the Court finds no fault with the fact that Plaintiffs' supplemented the record with same, and, in fact, the Court is surprised by Defendant's failure to include the transcript with his Motion.  The Court recognizes that Plaintiffs' January 18, 2008 letter attaching the transcript contains argumentation about the transcript.  While the Court does not believe that Plaintiffs' letter was a purposeful contravention of the Federal Rules, the Court nevertheless did not consider the substance of Plaintiffs' January 18, 2008 letter in deciding this Motion.

August 24, 2006 Opinion at 12-13). Consequently, this Court held that Mr. Pascual and the law firm of Scarinci and Hollenbeck were disqualified from representing Plaintiffs, but could continue their representation of Zachary.[2] (*Id.* at 16).

On September 27, 2006, Defendants wrote the District Court requesting an immediate decision on their Motion to Strike "because the pendency of the Complaint, which Judge Bongiovanni has now recognized was prepared by plaintiffs' prior counsel with the benefit of improperly obtained privileged communications, is significantly disrupting defendants' business relationships." (Ltr. from Donald E. Taylor to Judge Wolfson of 9/27/06). Though the District Court found that "the pendency of the Complaint [was] not significantly disrupting Defendants' business relationships since the Complaint has remained sealed by order of Judge Hughes[,]" it nevertheless ordered that Plaintiff's Complaint be stricken in its entirety "[b]ecause of Judge Bongiovanni's finding that confidential information may have been disclosed to the attorney who prepared Plaintiffs' Complaint[.]" (October 11, 2006 Opinion at 4, n.2). Because the District Court ordered that Plaintiffs' Complaint be stricken based upon the possibility of disclosure of confidential information, the District Court never reached, nor did it make any findings, regarding whether the Complaint did in fact contain scandalous allegations and/or privileged information. (*See Id.* at 4).

After retaining new counsel, Plaintiffs filed an Amended Complaint on November 6, 2006, and this cased moved forward. On November 16, 2007, the parties submitted briefing on

---

[2] On October 10, 2006, Zachary's claims were dismissed without prejudice pursuant to the Notice of Voluntary Dismissal Without Prejudice filed by Michael R. Bakst, Chapter 7 Trustee in Bankruptcy for Zachary A. Emmanouil in United States Bankruptcy Court for the Southern District of Florida.

the issue of whether the Court should appoint a receiver for West Belt. *See* Docket Entry Nos. 81 & 83. On November 19, 2007, the District Court heard argument on this issue and denied Defendant's request for the appointment of a receiver. *See* Docket Entry Nos. 84 & 86.

As part of their opposition to Defendant's request for the appointment of a receiver, Plaintiffs filed a brief and the Certification of Anthony Z. Emmanouil, along with attached Exhibits, that referenced testimony given by Defendant in a matter entitled *Haught v. Biscayne Bay Tower, et al.*, and included an excerpt from a letter dated December 29, 2005, which Defendant sent to Zachary and then later used in connection with a Complaint he filed against Zachary with the Florida Bar. Defendant's testimony in *Haught* was also discussed during the November 19, 2007 hearing, when Judge Wolfson allowed Plaintiffs' counsel to question Defendant regarding said testimony over defense counsel's objection. On December 21, 2007, Defendant, alleging that the information pertaining to his sealed and stricken testimony in *Haught* and his December 29, 2005 letter are confidential and protected by the attorney-client privilege, filed a Motion to Seal Plaintiff's opposition to Defendant's request for the appointment of a receiver and the transcript of the District Court's November 19, 2007 hearing. *See* Docket Entry No. 88.

## II.   BACKGROUND

Defendant seeks an Order sealing his November 19, 2007 testimony regarding his previous testimony in *Haught* and the pleadings filed by Plaintiffs on November 16, 2007, which include references to his testimony in *Haught* as well as the December 29, 2005 letter. Defendant argues that this information must be sealed because it contains "private, privileged attorney/client communications." (Def. Br. at 15). Specifically, with respect to information

4

concerning the *Haught* matter, Defendant claims that at the time the original Complaint in this matter was filed, only he and Zachary "were aware of the facts of the *Haught* testimony[,]" and that Zachary, in violation of the Rules of Professional Conduct ("RPC"), disclosed the fact that Defendant had previously testified in *Haught* to Plaintiffs. (Roggio Cert. ¶15). Defendant states that given this disclosure of confidential information, the Court first sealed the original Complaint, then disqualified Plaintiffs' original attorneys for assisting Zachary in violating RPC 1.6, 1.9(a) & 1.9(c), and later ordered that the original Complaint be stricken. Defendant argues that Plaintiffs violated the Court's previous seal and strike Orders (which Plaintiffs never moved to vacate) by including information regarding the *Haught* matter (of which Defendant claims Plaintiffs only have knowledge because of Zachary's previous ethical violations) in their November 16, 2007 pleadings.

Similarly, Defendant claims that the December 29, 2005 letter is protected by the attorney-client privilege and that Plaintiffs improperly included an "out of context excerpt from" it in their November 16, 2007 pleadings. (Roggio Cert. ¶ 11). Defendant argues that he wrote the aforementioned letter and sent it to Zachary. Defendant also argues that to the best of his knowledge, the December 29, 2005 letter had not been previously filed in this matter, but had only been used "in connection with a Complaint . . . filed [by Defendant] with the Florida Bar against Zachary." (*Id.*)

Defendant claims that the aforementioned materials and judicial proceedings should be sealed because, as previously noted, they contain confidential, privileged attorney-client communications. Defendant argues that attorney-client privileged communications are not within the public domain. (Def. Br. at 11). Defendant additionally claims that there has been no

5

waiver of his attorney-client privilege with respect to communications with Zachary, and that Plaintiffs lack standing to assert such a waiver. (*See* Def. Reply Br. at 8-10). Moreover, Defendant alleges that with respect to the *Haught* testimony, there will not be a waiver because this testimony "has nothing to do with the sale of West Belt Auto Supply, Inc. . . . to Mr. Roggio." (*Id*. at 10).

Further, Defendant claims that neither the information concerning *Haught* (found both in Defendant's November 19, 2007 testimony and in Plaintiffs' pleadings), nor the December 29, 2005 letter is "generally known" pursuant to RPC 1.9(c)(1). (*Id*. at 11, 16). Defendant also argues that despite the fact that over defense counsel's objection Judge Wolfson permitted Defendant to be questioned regarding his testimony in *Haught* at the November 19, 2007 hearing, the Court should not view Judge Wolfson's ruling as controlling because Judge Wolfson "was without the benefit of briefs from the parties regarding the attorney/client privilege issue prior to allowing the Emmanouils' counsel to examine Mr. Roggio on the sealed and stricken *Haught* testimony." (*Id*. at 11). Defendant further argues that Plaintiffs should be held in contempt for violating the Court's seal and strike Orders, and that Defendant should therefore be awarded his legal fees incurred with this Motion. (*Id*. at 18-19).

Plaintiffs oppose Defendant's Motion to Seal, arguing that Defendant cannot meet the good cause standard necessary to seal documents under L.Civ.R. 5.3. Specifically, Plaintiffs claim that the information Defendant seeks to seal is not privileged and not entitled to protection. (Pl. Opp. Br. at 4). With respect to the December 29, 2005 letter, Plaintiffs first argue that this letter was never subject to the protections of the attorney/client privilege as Defendant has failed to establish that the communication was confidential or made for the purpose of securing legal

6

advice. (*Id*. at 7, n.3).  Second, Plaintiffs argue that even if the December 29, 2005 letter was at one time protected by the attorney-client privilege, Defendant can no longer claim that it represents a privileged communication because Defendant "published this letter to the State Bar of Florida[,]" and under Florida law (F.S.A. Bar Rule 3-7.1), it is a public record.[3]  (*Id*. at 7-8).

Similarly, Plaintiffs argue that there is no good cause to seal information referencing Defendant's previous testimony in *Haught* because that testimony was taken at an open hearing and is a public record. (*Id*. at 9).  Plaintiffs also note that Defendant referred to the *Haught* matter in his opposition to Concepcion, Rojas & Santos, LLP's ("Concepcion") (the law firm with which Zachary had previously been associated) Motion to Dismiss.  Plaintiffs argue that Defendant cannot refer to the *Haught* matter when it suits him and then complain that it is a sensitive matter which is not generally known.  (*Id.*)

Further, Plaintiffs claim that Defendant waived his right to assert the attorney-client privilege by filing a lawsuit against Zachary and Cocepcion, which place their relationship at issue and which destroys the confidentiality between them. (*Id.* at 10).  Moreover, Plaintiffs argue that Judge Wolfson, at the conclusion of the Court's October 30, 2007 hearing, noted that Defendant could no longer assert privilege with respect to his communications with Zachary because he waived his privilege when he filed a Verified Complaint against Zachary and Concepcion, which put communications surrounding the transactions in dispute at issue. (*Id*. at 4).

---

[3]Plaintiffs also argue that they heavily redacted the December 29, 2005 letter in order to limit disclosure of its contents to only that section that contained information relevant to the issues in dispute here.  Consequently, they claim that the only interests that would be served in allowing this portion to be sealed are Defendant's, as a sealing order would prevent Defendant's admission against interest from being made part of the record. (Pl. Opp. Br. at 9).

7

Plaintiffs also argue that sealing the documents and judicial proceedings in question would be against the public interest because Defendant committed perjury when he lied about his status as an attorney as well as his criminal record while under oath at the *Haught* hearing. (*Id*. at 12). Plaintiffs assert that Defendant seeks a sealing order in order to avoid prosecution for perjury and argue that there is no precedent that establishes that "a desire to conceal perjury of lesser criminal activity constitutes good cause for sealing records." (*Id*. at 12-13).

Finally, Plaintiffs oppose Defendant's request that he be reimbursed for the legal fees he incurred in filing the instant Motion. (*See Id.* at 13-14).

### III.   DISCUSSION

The Third Circuit recognizes "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Indeed, there is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). However, the right of public access is "not absolute[,]" but rather must be weighed against the litigants' interests in secrecy. *Id*. at 165 (internal quotation marks and citation omitted). In this District, L.Civ.R. 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves. *See* Allyn Z. Lite, N.J. Federal Practice Rules, Comment 1 to L.Civ.R. 5.3 (Gann 2008). According to L.Civ.R. 5.3(c)(2) a party seeking an Order to seal materials and/or judicial proceedings must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result

>    if the relief sought is not granted, and (d) why a less restrictive
>    alternative to the relief sought is not available.

The Court finds that under the standard enunciated above, there is no good cause to seal the information at issue. Specifically, and as explained in more detail below, the Court finds that Defendant has failed to establish that there are legitimate private or public interests which warrant the relief sought, as required by L.Civ.R. 5.3(c)(2)(b).

With respect to the November 16, 2007 pleadings and transcript of testimony from the November 19, 2007 hearing, which refer to Defendant's previous testimony in *Haught*, the Court finds that Judge Wolfson has already held that this information is not entitled to protection: when Plaintiffs questioned Defendant regarding his testimony in *Haught*, Defendant objected, arguing that Plaintiffs' counsel "is about to disclose inadvertently information that had been sealed and stricken[.]" T:104-10 to -12. In response to this objection, Judge Wolfson ruled that "[t]his is a public document. There is a transcript where he testified in court which was attached. You know what? This has come up many-a-time; it goes to credibility. I'm going to permit it." *Id.* at 104-14 to -18. This Court is in no position to overturn Judge Wolfson's reasoned decision, and will not do so even where the issue was not fully briefed when Judge Wolfson made her ruling.

Moreover, even if this Court were deciding the issue on its own merits, which it is not, the Court would be disinclined to grant Defendant's Motion. While the Court had previously sealed and ultimately struck Plaintiffs' original Complaint because confidential information, including references to Defendant's testimony in *Haught*, may have been disclosed to the attorney who prepared same (*see* October 11, 2006 Opinion at 4), after the original Complaint

9

was filed, Defendant publicly disclosed the existence of and his participation as a plaintiff in *Haught*. (*See*, e.g., Def. Opp. Br. to Concepcion's Motion to Dismiss at 5). Having made this disclosure, Defendant can no longer make a valid claim that information pertaining to his involvement in *Haught* be sealed or stricken pursuant to L.Civ.R. 5.3(c)(2). Indeed, the fact that this information may still not be "generally known" (*see* RPC 1.9(c)(1)) is of no moment because Defendant, himself, made his involvement in *Haught* specifically known to Plaintiffs. By referring to his involvement as a plaintiff in *Haught*, a matter of public record, in his opposition to Concepcion's Motion to Dismiss, Defendant put Plaintiffs on notice of the existence of that case and forfeited his interest in keeping the matter private. The Court finds no fault in Plaintiffs further exploring Defendant's role in *Haught* and using matters of public record from *Haught* in the instant case. As a result, the Court finds that Defendant's Motion to Seal must be denied with respect to this information.

Further, with respect to the December 29, 2005 letter, the Court finds that Defendant has failed to establish that it is protected by the attorney-client privilege, and, consequently, has similarly failed to establish under L.Civ.R. 5.3(c)(2)(b) that there is a legitimate interest that warrants the sealing of same. As the party claiming the existence of the privilege, Defendant bears the burden of proving that it applies to the December 29, 2005 letter. *See Schwarz Pharma., Inc. v. Teva Pharm. USA, Inc.*, Civil Action No. 01-4995 (DRD), 2007 WL 2892744, *2 (D.N.J. Sept. 27, 2007). Communications are protected under the attorney-client privilege only where

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court . . . and (b) in connection with this communication is acting as a lawyer; (3)

> the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994) (citing *In re Grand Jury*, 599 F.2d 1224,1233 (3d Cir. 1979)). "However, most vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal advice from the lawyer*." *U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1264 (3d Cir. 1990) (internal quotation marks and citations omitted) (emphasis in original). Here, Defendant has failed to establish that the communication was made in confidence or for the purpose of obtaining legal advice from Zachary.

Indeed, Defendant's stated purpose for writing the December 29, 2005 letter was "to bring some reality and facts to the current situation regarding" Defendant's relationship with Zachary and Zachary's father and the sale of Zachary's father's business "Westbelt Firestone." No where in the letter does Defendant seek legal advice from Zachary (though Defendant does mention Zachary's legal representation of Defendant in a previous matter). In fact, rather than seeking advice from Zachary, Defendant in the December 29, 2005 letter advises Zachary on how to proceed, instructing him to "list all the funds provided to you or your family directly or indirectly by me, and conversely, all the funds sent to me from you or your parent" with specificity.

Moreover, there is no indicia in the December 29, 2005 letter that Defendant intended it to be maintained as confidential. A review of the letter establishes that at no time did Defendant specifically request that Zachary maintain the communication as confidential. Furthermore,

11

without such a specific request, given the substance of the letter (which discusses in detail both Zachary's and Zachary's father's alleged wrongdoing with respect to the sale of West Belt), the Court finds that it would be unreasonable for Defendant to assume that Zachary would understand that Defendant intended it to be a confidential communication. To the contrary, it appears to the Court that Defendant intended Zachary to (or at the very least should have anticipated that absent express directions not to do so Zachary would) share the December 29, 2005 letter with his father.

Thus, while Zachary is an attorney and while Defendant was a client of his, because Defendant did not write the December 29, 2005 letter for the purpose of obtaining legal advice from Zachary, and because the December 29, 2005 letter was not made in confidence, the December 29, 2005 letter is not protected by the attorney-client privilege. Furthermore, because the attorney-client privilege is inapplicable, no legitimate interest exists that would warrant the sealing of the December 29, 2005 letter under L.Civ.R. 5.3(c)(2).[4]

Finally, because the Court finds that the information Defendant seeks to seal is not entitled to that relief under L.Civ.R. 5.3(c)(2) and, therefore, Plaintiffs did not violate the Court's

---

[4]Because the Court finds that Defendant failed to establish the applicability of the attorney-client privilege to the December 29, 2005 letter, the Court does not reach the issue of whether Defendant waived his right to assert same. The Court does, however, note that it appears that such a waiver occurred when Defendant filed a Complaint against Zachary and Plaintiffs that put information contained in the allegedly privileged December 29, 2005 letter at issue. *See George v. Siemens Indus. Automation, Inc.*, 182 F.R.D. 134, 140 (D.N.J. 1998) (recognizing the "at issue" exception to the attorney-client privilege, which exists "[w]hen a party to a lawsuit puts protected information at issue by making it relevant to the case, and the application of the privilege would deny the opposing party access to information vital to its defense.") The Court further notes that such a waiver may have also occurred when Defendant attached the December 29, 2005 letter to a Complaint that he filed against Zachary with the Florida State Bar.

prior seal and strike Orders, the Court similarly finds that Defendant is not entitled to reimbursment for the attorney's fees he incurred in filing the instant Motion.

## IV.     CONCLUSION & ORDER

For the reasons stated above, the Court will deny Defendant's Motion to Seal the following judicial proceedings and materials: Plaintiffs' brief, along with the Certification of Anthony Z. Emmanouil and exhibits attached thereto, filed in opposition to Defendant's request for the appointment of a receiver for West Belt, and the transcript of the hearing held on November 19, 2007 before Judge Wolfson. The Court will likewise deny Defendant's request for attorney's fees.

THEREFORE, IT IS on this 18th day of April, 2008,

ORDERED that Defendant's Motion to Seal and for Attorney's Fees [Docket Entry No. 88] is DENIED; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 88] accordingly.

                                                        /s/   Tonianne J. Bongiovanni
                                        **HONORABLE TONIANNE J. BONGIOVANNI**
                                        **UNITED STATES MAGISTRATE JUDGE**