<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
AUG 23 2012
AT 8:30_____M
WILLIAM T. WALSH CLERK

| | |
|---|---|
| ANTHONY Z. EMMANOUIL, EUGENIA K. EMMANOUIL, and WEST BELT AUTO SUPPLY, INC.<br><br>          Plaintiffs,<br><br>v.<br><br>VINCENT VICTOR ROGGIO, CALLIE LASCH ROGGIO, NOVED REAL ESTATE CORP., and JEAN WAKLAIS<br><br>          Defendants.<br><br>VINCENT ROGGIO,<br><br>          Plaintiff,<br><br>v.<br><br>ANTHONY Z. EMMANOUIL, EUGENIA K. EMMANOUIL, and WEST BELT AUTO SUPPLY, INC.<br><br>          Defendants. | Civil Action No. 06-1068 (JAP)<br><br>Consolidated Actions<br><br>**MEMORANDUM OPINION** |

**PISANO, Judge**

This matter is before the Court upon a motion for reconsideration brought by defendant Vincent Roggio ("Defendant" or "Roggio"). (DE 373.) The Court has considered Defendant's submission and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the motion for reconsideration will be denied.

1

I.  **BACKGROUND**

The litigation between plaintiffs Anthony Emmanouil, Eugenia Emmanouil, and West Belt Auto Supply, Inc. (collectively "Plaintiffs"), and defendant Vincent Roggio has endured for over eight years and spawned several related lawsuits. The original dispute involved a series of transactions between the Emmanouils and Roggio and culminated in a two-week jury trial in August of 2010. The jury found that Roggio (1) breached his fiduciary duty to the Plaintiffs; (2) breached the contract for the sale of West Belt Auto Supply, Inc. ("West Belt"); (3) breached a mortgage contract under which he was to repay $850,000 to Anthony Emmanouil; (4) was unjustly enriched when he retained Plaintiffs' money without repayment; and (5) failed to prove any of his counterclaims against the Plaintiffs. (Verdict Sheet, DE 274.) Chief Judge Garrett E. Brown, Jr.[1] entered judgment on October 1, 2010 in favor of Plaintiffs and against Roggio in the amount of $1,222,311. (DE 293.)

The Court addressed the parties' post-trial filings in an opinion issued April 4, 2011. (4/4/11 Memorandum Opinion, DE 322.) First, the Court denied Roggio's motion for judgment as a matter of law or a new trial and denied his motion to stay execution of the judgment. (Id. at 3-6.) One of Roggio's arguments for a new trial was that West Belt was misaligned as a party in the case. (Id. at 5-6.) Roggio argued that West Belt should not have been a party plaintiff against him because he purchased a 90% ownership in West Belt. (Id. at 6.) Roggio concluded that it was improper for his own company to be aligned against him, and as a result, the judgment could not be enforced since he owned that portion of the judgment belonging to West Belt. (Id.) The Court, however, held that West Belt was properly aligned, reasoning that Roggio named

---

[1] This case was transferred from Chief Judge Brown to Judge Joel A. Pisano on January 31, 2012 after all post-trial motions were decided and after Roggio filed his notice of appeal. (DE 347.)

West Belt as an adverse party and actively pursued several causes of action against the company. (Id.)

Next, the Court dismissed a new complaint that Roggio filed on October 13, 2010 in the Southern District of Texas, which had been transferred to the District of New Jersey (hereinafter "'11 Complaint"). (Id. at 10-12; Civ. Action No. 11-1171, DE 1.) The '11 Complaint sought a declaratory judgment that Roggio owns 90% of West Belt and a preliminary injunction enjoining the Emmanouils from transferring any of West Belt's assets. (Civ. Action No. 11-1171, DE 1.) The Court held that the '11 Complaint was barred by the doctrine of res judicata:

> [T]he jury squarely addressed the contract between Anthony Emmanouil and Roggio for the sale of West Belt, and decided that Roggio breached that contract, while Anthony Emmanouil did not. The issue presented by the '11 Complaint, therefore, has been decided by a jury, and any additional litigation on this point is unnecessary and must be disallowed.

(4/4/11 Memorandum Opinion at 11-12; DE 322.)

Finally, the Court granted Plaintiffs' motion for attorney's fees and costs and prejudgment interest. (Id. at 6-10.) The amended judgment in favor of Plaintiffs and against Roggio totals $1,945,199. (Id. at 6-10.) The judgment was made final on April 8, 2011. (Amended Order Entering Judgment, DE 324.)

Roggio appealed, among other things, the Court's denial of his post-trial motion for judgment as a matter of law or a new trial. (Notice of Appeal, DE 329.) That appeal is currently pending before the Third Circuit. Roggio did not appeal the Court's dismissal of the '11 Complaint. (See Docket Sheet, Civ. Action No. 11-1171.)

In the mean time, the Court issued a writ of execution for levy upon Roggio's bank account at Columbia Bank, and it was returned executed on January 23, 2012. (DE 348.) The Court then entered an order on May 29, 2012 granting Plaintiffs' motion to compel the turnover

3

of funds up to $1,945,119 by Columbia bank held in the name of Roggio in order to satisfy the judgment. (DE 353.)

Within the next month, Roggio's counsel in a related action,[2] Mr. David Messer, Esq., entered an appearance on behalf of plaintiff West Belt and filed a motion for preliminary injunction on June 14, 2012.[3] (DE 354.) Both Mr. Messer and Plaintiffs' counsel McElroy, Deutsch, Mulvaney & Carpenter, LLP (hereinafter "McElroy") entered appearances on behalf of West Belt. McElroy entered an appearance on behalf of West Belt on October 16, 2006, and the firm represented West Belt before, during, and after trial. Nevertheless, still claiming that he is "the sole individual having authority to control West Belt's affairs," Roggio purported to authorize West Belt to retain Mr. Messer as counsel. (DE 355-11.) The motion for preliminary injunction, purportedly on behalf of West Belt, sought a preliminary injunction:

> (1) Restraining and halting all collection efforts by any named Plaintiff on account of the judgment awarded in this action; and
>
> (2) Restraining and halting Plaintiffs, Anthony Z. Emmanouil and Eugenia K. Emmanouil and any other parties on their behalf from offer [sic] to sell and/or selling, conveying or in any other manner transferring the ownership interests and/or the assets of West Belt Auto Supply, Inc.; and
>
> (3) Disqualifying the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP from representing any party in this action; and

---

[2] Based upon post-judgment discovery in this case and after being unable to secure payment of the judgment, the Emmanouils filed a verified complaint on September 26, 2011 alleging, inter alia, fraudulent conveyance and transfer, conspiracy, debtor false oath to creditor, unjust enrichment, and conversion. (Civ. Action No. 11-5575, DE 1.)

[3] Mr. Messer has since moved to withdraw as counsel. (DE 367.) Roggio filed the instant motion for reconsideration pro se, and he filed a motion to proceed pro se on August 15, 2012. (DE 374.)

>(4) Restraining and halting Plaintiffs, Anthony Z. Emmanouil and Eugenia K. Emmanouil, from exercising or attempting to exercise any authority or control of and over the affairs and management of West Belt Auto Supply, Inc.; and
>
>(5) Granting any other relief that this Court deems just and equitable.

(Def.'s 6/14/12 Proposed Order; DE 355-2.)

In an opinion and order dated June 21, 2012, this Court denied the motion because Roggio was estopped from raising the issue of ownership of West Belt. This Court concluded that "Roggio, purportedly on behalf of West Belt, has requested a trial court to undertake appellate review of matters decided by it and the jury. However, jurisdiction to conduct appellate review of the matters decided in this case lies with the Third Circuit. Further, unless and until a court decides that Roggio is a 90% owner of West Belt, McElroy is not in violation of the [New Jersey Rules of Professional Conduct], and consequently, there is no basis to disqualify the firm."[4] (6/21/12 Memorandum Opinion at 8; DE 360.)

Roggio again moved for an order to show cause and preliminary injunction on August 1, 2012. (DE 369.) Specifically, in his August 1st motion, Roggio requested an order:

>(1) Restraining and halting all collection efforts by any named Plaintiff on account of the judgment in this action; and
>
>(2) Restraining and halting Plaintiffs, Anthony Z. Emmanouil and Eugenia K. Emmanouil and any other parties on their behalf from offer [sic] to sell and/or selling, conveying or in any other manner transferring the ownership interests and/or the assets of West Belt Auto Supply, Inc.; and

---

[4] Roggio filed a notice of appeal of the Court's June 21, 2012 order denying the motion for preliminary injunction to the Third Circuit, (DE 363), but the appeal was dismissed for failure to pay the filing fee, (DE 368).

>(3) Disqualifying the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP from representing any party in this action; and
>
>(4) Restraining and halting Plaintiffs, Anthony Z. Emmanouil and Eugenia K. Emmanouil, from exercising or attempting to exercise any authority or control of and over the affairs and management of West Belt Auto Supply, Inc.; and
>
>(5) Granting any other relief that this Court deems just and equitable.

(Def.'s 8/1/12 Proposed Order, DE 369-1.) This motion was denied because, as stated on the record, it requested relief identical to the relief requested and denied in the Court's June 14, 2012 order. (8/1/12 Order, DE 371.) Essentially, Roggio has requested the same relief against the same parties on four occasions,[5] and, as a result, the last three requests were all denied under the doctrine of res judicata.

Roggio is now before the Court seeking reconsideration of the August 1, 2012 order denying his order to show cause and motion for preliminary injunction. Roggio filed his motion and supporting brief on August 15, 2012. (DE 373.) On August 21, 2012, Roggio filed a motion to amend his motion for reconsideration, which included what he identified as inadvertently omitted argument. (DE 375.) As the Court will deny the motion for reconsideration on the

---

[5] Roggio's counterclaims against Plaintiffs were rejected by the jury, (Verdict Sheet, DE 274), his motion for judgment as a matter of law or a new trial was denied by the Court, (4/4/11 Memorandum Opinion, DE 322), and final judgment was entered in favor of Plaintiffs and against Roggio, (4/8/11 Order, DE 324). Based on the jury's verdict, Roggio's '11 Complaint was dismissed as barred under the doctrine of res judicata. (4/4/11 Memorandum Opinion at 11-12; DE 322.) Subsequently, Roggio's motion for preliminary injunction, purportedly filed on behalf of West Belt, was denied on the basis of res judicata and because several of the issues presented were (and still are) currently on appeal to the Third Circuit. (6/21/12 Memorandum Opinion, DE 360.) Finally, Roggio's August 1, 2012 application for an order to show cause and a motion for preliminary injunction—the subject of this motion for reconsideration—was denied because it requested identical relief against identical parties to that which was requested and denied on June 21, 2012; in other words, it, too, was barred under the doctrine of res judicata. (8/1/12 Order, DE 371.)

record currently before it, opposition briefing is neither necessary nor required, and Defendant's motion to amend will be denied as moot.

## II.     LEGAL STANDARD AND ANALYSIS

Local Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" Reconsideration is an extraordinary remedy that is appropriate only when one of the following three grounds for relief is established: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citation omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). "Not only are such motions not a substitute for the appellate process, such motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." Bowers v. NCAA, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

In his motion for reconsideration, Roggio relies on a number of "as yet unaddressed" issues that he asserts support reconsideration. (See Def. Br. at 2-4.) First, Roggio contends that the Court has not addressed his position that the Emmanouils and their counsel McElroy admitted before and during trial that Roggio was a 90% owner of West Belt. (Id.) Related to this argument, Roggio maintains that the Court has not considered that: (1) Plaintiffs are barred by the Federal Rules of Evidence from claiming ownership of West Belt; (2) Roggio paid for

West Belt; (3) Plaintiffs convinced the Court to admit into evidence a "false and felonious" contract for sale of West Belt; (4) several of Plaintiffs' claims were based on this "false and felonious" contract; and (5) the jury was permitted to conduct fact finding based on this "false and felonious" contract, which was intended by the Emmanouils to fraudulently obtain social security benefits. (Id. at 2-3.)

Next, Roggio argues that the Court has not addressed an alleged conflict of interest held by Plaintiffs' law firm, McElroy. (Id. at 3.) In particular, Roggio states that McElroy's alleged violations of New Jersey Rule of Professional Conduct 1.7(a) are not barred by the doctrine of res judicata, (id. at 3), and that West Belt's "deprivation of counsel is a structural error," (id. at 4.)

Roggio then asserts that the Court has never addressed the "false and fraudulent" content "injected" into the action by Plaintiffs and McElroy. (Id.) This allegation relates to the publication of Roggio's criminal history by the Emmanouils and by McElroy during this litigation. (Id.) Roggio asserts that these actions resulted in violations of privacy and violations of the attorney-client privilege. (Id.)

Finally, Roggio argues that the Court has not considered that the "Emmanouils and McElroy seek to be awarded despite an irrefutable record of repeated lawlessness to taint and prejudice these proceedings and deflect from the paucity of their case." (Id. at 4.)

Despite Roggio's statements otherwise, each of these grounds has been raised and considered by this Court either in this case, in related civil actions, or on appeal to the Third Circuit, and Roggio does no more than restate his disagreement with various decisions by the jury and by the Court. The contract for the sale of West Belt and the claims related to that contract were considered and decided by the jury and again addressed by this Court through

post-trial motion practice over a year ago. (See Verdict Sheet, DE 274; 4/4/11 Memorandum Opinion at 5-6, 10-12, DE 322.) In addition, the Court addressed disqualification of McElroy under New Jersey Rule of Professional Conduct 1.7(a) in its June 21, 2012 opinion. (6/21/12 Memorandum Opinion at 7-8, DE 360.) Finally, this Court adjudicated Roggio's defamation and violation of privacy claims arising from the publishing of his criminal record, finding, in part, that the litigation privilege applied to bar Roggio's claims. See Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP, Civil Action No. 10-00777, 2010 U.S. Dist. LEXIS 36799 (D.N.J., Apr. 14, 2010). The Court's order dismissing Roggio's privacy and defamation claims was affirmed on appeal on February 29, 2011. See Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP, 415 Fed. Appx. 432 (3d Cir. 2011).

To the extent Roggio seeks reconsideration of those issues, his motion is untimely. See Local R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order of judgment on the original motion by the Judge or Magistrate Judge."). Moreover, even if Roggio's grounds for reconsideration were timely, Roggio's motion must be denied because he does no more than raise arguments that were or should have been raised in this civil action, in the related civil action involving Roggio's claims of violation of privacy and defamation, or that were raised or should have been raised on appeal. See NL Indus. V. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). More importantly, this Court is without jurisdiction to adjudicate those issues currently on appeal in the Third Circuit. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal.").

With respect to the order Roggio that seeks reconsideration of—this Court's August 1, 2012 order—Roggio does not address the basis for Court's denial of his order to show cause and motion for preliminary injunction. The Court denied Roggio's motion because it was identical to the relief requested and denied in the June 21, 2012 order. But Roggio cites no controlling case law, no newly available evidence, and no clear error of law that would compel the Court to reconsider application of the doctrine of res judicata. Instead, he seeks only to reargue findings of fact and conclusions of law that were made either in this case or in his case against McElroy for violations of privacy and defamation. "A party seeking reconsideration must show more than disagreement with the Court's decision," and "[w]hen a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute should be dealt with in the normal appellate process[.]" Tischio v. Bontex, Inc., 16 F. Supp 2d 511, 532 (citations and internal quotations omitted). The Court will therefore deny Roggio's motion for reconsideration.

As a final point, the Court notes that, since the trial of this matter, Roggio has repeatedly filed papers with the Court containing the same or similar arguments and supporting documents, including exhibits admitted and considered by the jury.[6] For this reason, Roggio's motions raising the issues of the sale and ownership of West Belt and disqualification of McElroy have been denied under the doctrine of res judicata on several occasions. (See 4/4/11 Memorandum Opinion, DE 322; 6/21/12 Memorandum Opinion, DE 360; 8/1/12 Order, DE 371.) Moreover, both this Court and the Third Circuit have addressed the publication of Roggio's criminal record. See Roggio, 2010 U.S. Dist. LEXIS 36799, aff'd, 415 Fed. Appx. 432. Finally, this is not the

---

[6] Compare Defendant's Motion for Judgment as a Matter of Law or a New Trial, (DE 302-1); with West Belt's Motion for Preliminary Injunction and attached exhibits, (DE 355); with Letter from Vincent Roggio, (DE 359); with Defendant's Motion for an Order to Show Cause and Preliminary Injunction and attached exhibits, (DE 369); with Def.'s Motion to Proceed Pro Se and attached exhibits, (DE 374); with Defendant's Motion for Recusal. (Civil Action No. 11-05575, DE 38).

first time that the Court has called attention to Roggio's attempt to relitigate matters already adjudicated. (See 4/4/11 Memorandum Opinion at 4.) In light of this procedural history, Roggio is reminded that:

> The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary—including the Judges in this District—expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary.

In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010). As explained herein, the Court cannot and will not continue to entertain Roggio's unrelenting disagreement, however sincere, with the decisions made by the jury, by the Court, and by the Third Circuit. Therefore, the Court takes this opportunity to warn Roggio that submission of duplicative and/or frivolous motions, applications, or other requests, by Roggio or anyone on behalf of Roggio, in this civil action or in the other civil actions before this Court of which Roggio is a party, may result in the imposition of sanctions, which could include restrictions on future filing without the prior, written approval of the Court.

## III. CONCLUSION

For the reasons above, the motion for reconsideration is denied. In addition, Defendant's motion to amend the motion for reconsideration will be denied as moot. An appropriate order is filed herewith.

Dated: August 22, 2012

_____
United States District Judge