NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                       :
ANTHONY Z. EMMANOUIL, EUGENIA K.    :
EMMANOUIL, and WEST BELT AUTO       :
SUPPLY, INC.,                                    :
                                       :
       Plaintiffs,                         :
                                       :
  v.                                    :
                                       :
VINCENT VICTOR ROGGIO, CALLIE LASCH :
ROGGIO, NOVED REAL ESTATE CORP., and :
JEAN WAKLAIS,                          :     Civil Action No. 06-cv-1068 (JAP)
                                       :
       Defendants.                     :              **OPINION**
_____:
                                       :
VINCENT ROGGIO,                    :
                                     :
       Plaintiff,                      :
                                     :
ANTHONY Z. EMMANOUIL, EUGENIA K.    :
EMMANOUIL, and WEST BELT AUTO      :
SUPPLY, INC.,                                    :
                                     :
       Defendants.                   :
_____:

PISANO, District Judge

       Presently before the Court are two motions filed by Defendant/Plaintiff Vincent Roggio ("Roggio"). The first is a motion to void the Court's April 4, 2011 judgment entered in this matter pursuant to Federal Rule of Civil Procedure 60(b)(4) [docket # 394]. During the pendency of Roggio's motion, he filed a motion for judicial notice advancing arguments in further support of his motion for relief under Rule 60(b)(4) [Docket # 397]. For the reasons set forth below, Plaintiff's motions are DENIED.

I.     BACKGROUND

The litigation of this matter has been ongoing for several years, and although styled as a "Motion Pursuant to Rule 60(b)(4) to Vacate the Void Judgment Entered on April 4, 2011," the present motion is just another example of Roggio's attempt to litigate issues that have already been decided.

Plaintiffs Anthony Z. Emmanouil, Eugenia K. Emmanouil, and West Belt Auto Supply, Inc. ("West Belt") (collectively "Plaintiffs") filed the initial complaint on March 7, 2006 [docket # 1[1]]. On December 23, 2008, Roggio filed a Motion to Disqualify McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC"), Anthony Z. and Eugenia K. Emmanouil's (collectively the "Emmanouils") counsel, because it allegedly violated Rule of Professional Conduct ("RPC") 8.4 by receiving confidential information protected by the attorney-client privilege from Roggio's former counsel, the Emmanouil's son, and used this information to litigate the case against Roggio [docket # 115]. This motion was denied on May 5, 2009 [docket # 130, 131]. The Magistrate Judge temporarily sealed the exhibit containing the allegedly confidential information and gave Roggio until May 22, 2009 to move to permanently seal it [docket # 131]. On May 22, 2009, Roggio filed a motion to permanently seal the exhibit and appealed the decision denying the Motion to Disqualify MDMC [docket # 141, 144]. The Magistrate Judge granted the motion to seal on July 1, 2009 [docket # 157]. This Court affirmed the denial of the Motion to Disqualify MDMC on November 23, 2009 [docket # 193, 194].

Subsequently, on January 20, 2010, Roggio filed a complaint in the Superior Court of New Jersey, alleging defamation and violation of his right to privacy due to the publication of the exhibit; Defendants MDMC and the Emmanouils removed the case to this Court. [*Roggio v.*

---

[1] All docket numbers, unless otherwise specified, refer to this initial action, 06-1068.

2

*MDMC*, Civil Action No. 10-777, docket # 1]. Roggio then filed a Motion to Remand the case to the Superior Court of New Jersey, and Defendants filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) [10-777, docket # 5, 6]. On April 14, 2010, this Court granted Defendants' Motion to Dismiss and denied Roggio's Motion to Remand [10-777, docket # 26, 27]. Regarding whether MDMC should be disqualified, the Court determined that "the publication of Roggio's criminal history was clearly made in a judicial proceeding by litigants authorized to do so" because "the information was not subject to a sealing order at the time of its publication" [10-777, docket #26, p. 6–7]. Furthermore, MDMC submitted the exhibit to show that "it did not receive information from the Emmanouils' son that was protected by the attorney-client privilege" since "it had obtained the information from a filing made earlier in the District Court action by Roggio's counsel." *Id*. at 7. On February 28, 2011, the Third Circuit affirmed this Court's decision [10-777, docket # 30].

The original dispute involving the parties resulted in a two week jury trial, which commenced on August 24, 2010, and ended on September 3, 2010 [docket # 265–273]. The jury found that Roggio (1) breached a fiduciary duty owed to the Plaintiffs; (2) breached the contract for the sale of West Belt; (3) breached the mortgage contract under which he was required to repay $850,000 to Anthony Emmanouil; and (4) was unjustly enriched by retaining Plaintiffs' money without repayment [docket # 274]. The jury awarded Plaintiffs damages in the amount of $1,222,311 [docket # 274]. On September 10, 2010, Plaintiffs filed a Motion for Attorney's Fees and Pre-Judgment Interest [docket # 278]. On October 1, 2010, this Court entered judgment in favor of Plaintiffs in the amount of $1,222,311 [docket # 293].

On April 4, 2011, the Court denied Roggio's post-trial motions, which included a Motion for Judgment NOV, a Motion for New Trial, and a Motion to Stay execution of the judgment,

and granted Plaintiffs' Motion for Attorneys Fees [docket # 323].  Roggio argued, *inter alia*, that there should be a new trial because West Belt was misaligned as a party since he owned a 90% interest in it; the Court denied the motion because, *inter* alia, West Belt was a properly aligned party since Roggio pursued several causes of action against it.  In addition, the Court dismissed a new complaint, which was originally filed on October 13, 2010 in the Southern District of Texas and was transferred to the District of New Jersey [*see* Civ. Action No. 11-1171, docket # 1].  In that Complaint, Roggio sought a declaratory judgment that he owned 90% of West Belt and a preliminary injunction, enjoining the Emmanouils from transferring any of West Belt's assets.  However, the Court held that the Complaint was barred by res judicata since "the jury squarely addressed the contract between Anthony Emmanouil and Roggio for the sale of West Belt, and decided that Roggio breached the contract"; therefore, "any additional litigation on this point is unnecessary and must be disallowed" [docket # 322].  Moreover, the Court granted Plaintiffs' Motion for Attorney's Fees and Costs and directed Plaintiffs to submit an amended form of judgment [docket # 322].  On April 8, 2011, the Court entered an amended judgment in the amount of $1,945,119 [docket # 324].

  On April 27, 2011, Roggio filed an appeal from this Court's judgment entered on October 1, 2010, the amended judgment entered on April 8, 2011, the November 23, 2009 order denying the Motion to Disqualify MDMC, and the April 4, 2011 judgment denying his Motion for Judgment NOV and for a New Trial [docket # 329].  On September 24, 2012, the Third Circuit affirmed this Court's decisions but modified the award of attorney's fees [docket # 380].

While this appeal was pending, on June 14, 2012, Roggio's counsel in a related action[2] entered an appearance on behalf of West Belt and filed a Motion for Preliminary Injunction, seeking: (1) to restrain and stop all collection efforts by any plaintiff on account of any judgment; (2) restrain the Emmanouils from selling or transferring their ownership interest in West Belt; (3) disqualifying MDMC from representing any party in this action; and (4) restrain the Emmanouils "from exercising or attempting to exercise any authority or control of and over the affairs and management of West Belt . . ." [docket # 355-2]. On June 21, 2012, the Court denied the Motion for Preliminary Injunction, determining that Roggio was estopped from raising the issue of the ownership of West Belt because "a jury . . . already determined that Roggio does not own" it [docket # 361]. The Court declared that Roggio, "purportedly on behalf of West Belt, has requested a trial court to undertake appellate review of matters decided by it and the jury. However, jurisdiction to conduct appellate review of the matters decided in this case lies with the Third Circuit. Further, unless and until a court decides that Roggio is a 90% owner of West Belt, McElroy is not in violation of the RPCs, and consequently, there is no basis to disqualify the firm."[3] *Id*.

Roggio moved for another Preliminary Injunction and Order to Show Cause on August 1, 2012 [docket # 369]. That same day, the Court denied the motion because it requested relief identical to the relief requested in the June 14, 2012 motion [docket # 371]. Roggio moved for reconsideration on August 15, 2012 [docket # 373].

---

[2] Civil Action 11-5575. Roggio's counsel entered an appearance on behalf of West Belt because Roggio claimed he owned 90% of it and therefore, could authorize West Belt to retain counsel. MDMC also entered an appearance on behalf of West Belt.

[3] Roggio appealed this decision, but the Third Circuit dismissed the appeal for failure to pay the filing fee [docket # 363, 368].

On August 23, 2012, this Court denied the Motion for Reconsideration [docket #376, 377]. The Court outlined the Roggio's arguments: (1) the Court has not addressed his argument that the Emmanouils and McElroy "admitted before and during trial that [he] was a 90% owner of West Belt"; (2) the Court has not addressed "an alleged conflict of interest held by" MDMC because the alleged violations of RPC 1.7 are not barred by res judicata; (3) the Court has not addressed the publication of Roggio's criminal history by the Emmanouils and MDMC, which is a violation of privacy and the attorney-client privilege; and (4) the Court has not considered that the "Emmanouils and McElroy seek to be awarded despite an irrefutable record of repeated lawlessness to taint and prejudice these proceedings and deflect from the paucity of their case" [docket # 376 , p. 7-8]. After outlining these arguments, the Court determined that "each of these grounds has been raised and considered by this Court either in this case, in related civil actions, or on appeal . . . , and Roggio does no more than restate his disagreement with various decisions by the jury and by the Court." *Id*. at 8. The Court explained that "the contract for the sale of West Belt and the claims related to" it "were considered and decided by the jury and again addressed by this Court through post-trial motion practice . . . ." *Id*. at 8-9. In addition, the Court explained that it addressed the disqualification of MDMC in its June 21, 2012 Opinion and held that MDMC did not violate Roggio's privacy regarding the publishing of his criminal record in its April 14, 2010 Opinion. *Id*. at 9. Moreover, the Court declared that it denied the Motion for Preliminary Injunction and Order to Show Cause on August 1, 2012, because of res judicata since the motion "was identical to relief requested and denied in the June 21, 2012 order." *Id*. at 10. Furthermore, the Court decided that reconsideration was improper because Roggio sought "only to reargue findings of fact and conclusions of law that were made either in this case or in his case against McElroy for violations of privacy and defamation." *Id*. Lastly, the Court

6

warned that it could not and would not "continue to entertain Roggio's unrelenting disagreement . . . with the decisions made by the jury, by the Court, and by the Third Circuit" and submitting "duplicative and/or frivolous motions, applications, or other requests . . . may result in the imposition of sanctions, which could include restrictions on future filing without the prior, written approval of the Court." *Id*. at 11.

Subsequently, Roggio moved for the recusal of Judge Pisano, arguing that the Judge should be recused because of his "willingness to ignore the Truth, Sealing Orders, Judicial Admissions, Judicial Estoppel, Felonious Agreements, False Statements to the FBI, Unwarranted Violations of Privacy and the Clear Binding Precedents of both the Supreme Court of the United States and the New Jersey Supreme Court . . . " [docket # 378-1 p. 3]. On January 29, 2013, this Court denied Roggio's motion for recusal [docket # 390, 391]. In denying Roggio's motion for recusal, the Court again noted that the motion was "an obvious attempt by Roggio to re-hash the same arguments until he finds a ruling in his favor or evades satisfaction of the judgment against him." *Id*.

In the present motion, Roggio argues that the judgment of the Court entered on April 4, 2011 is void because the Court lacked subject matter jurisdiction over the case. Roggio alleges that Plaintiffs and their counsel, over the course of four and a half years, "perpetrated a knowing fraud on the Court and subverted due process" by submitting to the Court a "judicially-admitted false Agreement" regarding the sale and ownership of West Belt. [docket # 394 p. 1]. According to Roggio, Plaintiffs and their counsel alleged that Mr. Emmanouil was the 100% owner of West Belt, despite knowing that Roggio was actually the 90% owner of West Belt. *Id*. at 2. Finally, Roggio contends that Plaintiffs' counsel improperly acted as West Belt's counsel without

7

Roggio's permission and that he was deprived of due process because MCMD was not disqualified as counsel for Plaintiff. *Id*. at 16.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure Rule 60(b)(4) provides, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceedings [if] . . . the judgment is void." Fed. R. Civ. P 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id*. The Third Circuit has held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction over the subject matter or the parties or entered 'a decree which is not within the powers granted to it by law.'" *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted). However, not any alleged jurisdictional error renders a judgment void, and finality requires that courts construe the concept of void judgment narrowly. *Id*. at 422, n. 19. Accordingly, "[w]hile absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction." *Id*. (citation omitted). A judgment is not void under Rule 60(b)(4) "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Id*. "Thus . . . a judgment will be rendered void for lack of subject matter jurisdiction only where there is a 'total want of jurisdiction' or 'in the rare instance of a clear usurpation of power." *U.S. v. Zimmerman*, 491 Fed. Appx. 341, 344 (3d Cir. 2012) (citation omitted).

**III.    DISCUSSION**

    **A. Motion Under Federal Rule of Civil Procedure 60(b)(4)**

Roggio argues that the judgment entered by this Court on April 4, 2011 is void because "no Court can have subject-matter jurisdiction to enforce a false Agreement or a fraud on the Court. . ." [docket # 394 p. 1]. According to Roggio, the Emmanuoils, Modugno and MDMC "perpetrated a knowing fraud on the Court" by submitting a "false Agreement" regarding the ownership of West Belt and by repeatedly representing to the Court that "Emmanuoil was the '100% sole owner' of West Belt when they knew Roggio to be the truthful, legal 90% owner of West Belt." *Id.* at 1-2.

Each of the issues raised by Roggio, including the ownership of West Belt, has been repeatedly raised and considered by this Court either in this case, in related civil actions, or on appeal to the Third Circuit, and Roggio does no more than restate his disagreement with various decisions by the jury and by the Court. The contract for the sale of West Belt and the claims related to that contract, including the ownership of West Belt, were considered and decided by the jury and against addressed by this Court through post-trial motion practice over a year ago. *See* Verdict Sheet, DE 274; 4/4/11 Memorandum Opinion at 5-6, 10-12, DE 322.

The Court finds that Roggio has failed to demonstrate that the Court lacked subject matter jurisdiction at any time during the pendency of this matter. Therefore no "total want of jurisdiction" or "clear usurpation of power" by the Court exists as required to void a judgment under Rule 60(b)(4). *Zimmerman*, 491 Fed. Appx. at 344. Accordingly, because Roggio's attempt to relitigate his claims and offer new arguments does not present a basis for vacating the Court's judgment, Roggio's motion pursuant to Rule 60(b)(4) is denied.

As a final point, the Court again notes that since the trial of this matter, Roggio has repeatedly filed papers with the Court in an attempt to relitigate matters already adjudicated. As explained herein and in previous Opinions issued by this Court, "the Court cannot and will not continue to entertain Roggio's unrelenting disagreement, however sincere, with the decisions made by the jury, by the Court and by the Third Circuit." [docket # 376 p. 10-11]. Roggio is again warned "that submission of duplicative and/or frivolous motions, applications, or other requests, by Roggio or anyone on behalf of Roggio, in this civil action or in the other civil actions before this Court of which Roggio is a party, may result in the imposition of sanctions, which could include restriction on future filing without the prior, written approval of the Court." *Id.* at 11.

### B. Motion for Judicial Notice

While Roggio's Motion pursuant to Rule 60(b)(4) was pending, he filed a motion for judicial notice directing the Court's attention to a subsequent decision in the District of Massachusetts. In the motion for judicial notice, Roggio states that the motion "is being submitted here in further support of the Rule 60(b)(4) Motion filed September 11, 2013 requesting that . . . the Court's April 4, 2011 Order be vacated as VOID." [docket # 397 p. 3]. In the motion for judicial notice, Roggio continues to advance his arguments relating to his motion under Rule 60(b)(4) on issues already decided by this Court. Therefore, because Roggio's motion for judicial notice relates to arguments already advanced by Roggio in his Rule 60(b)(4) motion, it operates as an impermissible supplemental brief. Under Local Civil Rule 7.1(d)(6), sur-reply briefs are only permitted with permission of the Court, which Roggio neither requested nor obtained. In the absence of obtaining the Court's permission, the Court need not consider the

party's supplemental submission and may strike it from the record. *See Slimm v. Bank of Am.*, 2013 WL 1867035, at *2 n. 10 (D.N.J. May 2, 2013).

Moreover, even if the motion for judicial notice does not operate as a supplemental brief, in light of the Court's ruling on Roggio's claims, the motion for judicial notice is moot. Accordingly, the motion for judicial notice is denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to void the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) [docket # 394] is DENIED and Plaintiff's motion for judicial notice [docket # 397] is DENIED. An appropriate Order accompanies this Opinion.

Date:  April 30, 2014                                              /s/ Joel A. Pisano
                                                                                                 JOEL A. PISANO
                                                                                                  United States District Judge